FILED
KITSAP COUNTY CLERK

2018 NOV 28  PM 2: 36

ALISON H. SONNTAG

IN KITSAP COUNTY SUPERIOR COURT
FOR THE STATE OF WASHINGTON

RICKEY CLASABLANCA,

           Plaintiff,

   vs.

KITSAP COUNTY SHERIFF'S
DEPARTMENT; KITSAP COUNTY,
CONMED, LLC.

          Defendants.

Civil Action No:

18 - 2 - 0 3 1 8 7 - 1 8

**COMPLAINT**

The Plaintiff, Rickey Clasablanca, hereby makes the following claims and allegations:

## I. JURISDICTION AND VENUE

1.1    The Plaintiff timely filed a claim with the Kitsap County Clerk of the Board of Commissioners, hand delivered on September 27, 2018, alleging negligence and deliberate indifference regarding the Defendant's actions while Plaintiff was incarcerated in the Kitsap County Jail.

1.2    Other than simply acknowledging receipt of the tort claim, Kitsap County did not respond to Plaintiff's RCW 4.96.010 tort claim notice.

1.3    The Plaintiff has exhausted administrative remedies, as required, pursuant to RCW 4.96.010 and 4.96.020 and hereby timely files this complaint alleging tort claims against the Defendant.

GS.JONES LAW GROUP, P.S.
1155 BETHEL AVE.
PORT ORCHARD, WA 98366
360-876-9221

1.4   All parties and subject matter herein mentioned are within the jurisdiction of this Honorable Court.

## II. FACTS

2.1   The Defendants, Kitsap County and the Kitsap County Sheriff's Department are responsible for the maintenance and operation of the Kitsap County Jail.

2.2   The Plaintiff was incarcerated in the Kitsap County Jail from February 12, 2016 to July 28, 2016.

2.3   While Plaintiff was an inmate, Defendants (Kitsap County and Kitsap County Sheriff's Department) assigned Plaintiff, at his request, to a position in the kitchen.

2.4   The Defendants, Kitsap County and Kitsap County Sheriff's Department had allowed one of the electrical outlets in the kitchen to become dangerously damaged or faulty so that it posed a hazard to Plaintiff and anyone who walked near the faulty outlet and had failed to reasonable or properly inspect the premises for such defects.

2.5   Defendants Kitsap County and Kitsap County Sheriff's Department created the hazard, were aware of the hazard or should have been aware of the hazard, failed to repair the hazard, and failed to offer any warning to inmates regarding the danger posed by the hazardous outlet.

2.6   On March 14, 2016, Plaintiff, who was unaware of the hazard that the faulty outlet presented, was working in the kitchen and, as he walked by the faulty outlet, was shocked by electricity and startled by a sudden explosion and shower of sparks from the hazardous outlet.

GSJONES LAW GROUP, P.S.
1155 BETHEL AVE.
PORT ORCHARD, WA 98366
360-876-9221

2.7   As a result of the shock, unexpected jolt of electricity, the pain from a burn on his leg, the explosion, and shower of sparks, Plaintiff recoiled from the injury, the explosion and the shower of sparks and suffered a severe injury to his lower back.

2.8   Defendants, Kitsap County and Kitsap County Sheriff's Department were aware that Plaintiff had sustained injuries from the incident in the kitchen but chose not to send medical personnel to examine and evaluate the Plaintiff's injuries.

2.9   Defendants contracted with defendant, ConMed, LLC to provide some medical services to inmates in the Kitsap County Jail.

2.10   Defendants delayed in medically examining and evaluating Plaintiff after having received actual notice of the injury.

2.11   Over the following approximately six weeks (from the date of injury, March 14, 2016 through Plaintiff's release on July 28, 2016), Defendants negligently failed to diagnose and treat Plaintiff's severe back injury.

2.12   Over the following approximately six weeks (from the date of injury, March 14, 2016 through Plaintiff's release on July 28, 2016), Defendants engaged in and displayed deliberate indifference to Plaintiff's injuries and not only denied him adequate diagnostic and medical care, but engaged in concerted efforts to create a false justification for refusing to diagnose and treat his severe back injury.

2.13   Defendants had a monetary motive to avoid diagnosing Plaintiff's actual condition or allowing it to be properly diagnosed.

2.14   As a direct and proximate result of the Defendants' actions and omissions, Plaintiff was severely injured, endured pain, suffering, and emotional damage.

### III. FOR A FIRST CAUSE OF ACTION
### NEGLIGENCE/PREMISES LIABILTY
**Against Kitsap County and the Kitsap County Sheriff's Department**

GS.JONES LAW GROUP, P.S.
1155 BETHEL AVE.
PORT ORCHARD, WA 98366
360-876-9221

3.1     Sections I and II are hereby incorporated, verbatim.

3.2     The Defendants, Kitsap County and the Kitsap County Sheriff's department, running a county jail owe the direct duty to a prisoner in their custody to keep the prisoner in health and free from harm, and for any breach of such duty resulting in injury they is liable to the prisoner.

3.3     The duty owed to a prisoner by the Sheriff and County running a county jail is a positive duty arising out of the special relationship that results when a custodian has complete control over a prisoner deprived of liberty.

3.4     Defendants owed a duty to plaintiff to exercise due care to avoid harming plaintiff by maintaining the premises in a reasonably safe condition, and to warn him of hazards on the premises.

3.5     Defendants breached their duty of care to plaintiff by acting negligently in the following particulars:

    a)  Creating a hazard by damaging an outlet in an area where it knew prisoners would be actively moving around;

    b)  Creating a hazard by negligently failing to maintain or repair a known hazard;

    c)  Negligently failing to regularly inspect the premises for hazards such as faulty wiring and outlets;

    d)  Failing to present adequate warnings to the Plaintiff of a hazardous condition;

    e)  Failing to provide a reasonably safe environment for Prisoners; and,

    f)   Being otherwise negligent.

3.6     As a direct and proximate result of the Defendants' negligence, the Plaintiff came into contact with a faulty electrical outlet or connection, and was severely injured when it

GS.JONES LAW GROUP, P.S.
1155 BETHEL AVE.
PORT ORCHARD, WA 98366
360-876-9221

shocked him and burst into a shower of sparks.

## IV. FOR A SECOND CAUSE OF ACTION
## NEGLIGENCE AND DELIBERATE INDIFFENCE
### Against Kitsap County and the Kitsap County Sheriff's Department

4.1   Sections I, II and III are hereby incorporated, verbatim.

4.2   The Defendants, Kitsap County and the Kitsap County Sheriff's Department owe a non-delegable duty to provide reasonable medical care for prisoners in the Kitsap County Jail.

4.3   Plaintiff suffered a severe from an injury to his leg and an injury back while incarcerated and under the control of the Defendants.

4.4   The Defendants negligently failed to provide reasonable medical diagnostic effort and reasonable medical care to the Plaintiff while he was incarcerated.

4.5   The Defendants engaged in a pattern of deliberate indifference to Plaintiff's medical condition and needs while Plaintiff was incarcerated and under their control.

4.6   As a direct and proximate result of the Defendants'' negligence and deliberate indifference to his medical condition, Plaintiff:

    a)   Endured severe pain and suffering;

    b)   Was subjected to severe emotional distress;

    c)   Suffered severe and permanent injuries where immediate treatment would likely have curtailed the extent of the injuries or their permanent nature.

## V.   PROFESSIONAL/MEDICAL NEGLIGENCE
### Against ConMed, LLC

5.1   Sections I, II, III and IV are hereby incorporated, verbatim.

5.2   Defendant is a business which, in 2016, were responsible for providing medical providers and medical care to inmates, including the Plaintiff, in Kitsap County Jail.

COMPLAINT FOR DAMAGES - 5

GS JONES LAW GROUP, P.S.
1155 BETHEL AVE.
PORT ORCHARD, WA 98366
360-876-9221

5.3     Defendant owed Plaintiff a duty of care to exercise reasonable care and to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he belongs, in the state of Washington, acting in the same or similar circumstances.

5.4     Defendant's employees failed to exercise reasonable care in his, her, or its treatment of the Plaintiff from March 14, 2016 through July 28, 2016 while was an inmate at Kitsap County Jail and a patient under the Defendant's care by:

        a)   Failing to take adequate measures to diagnose Plaintiff's medical condition;

        b)   Failing to properly treat Plaintiff's medical condition;

        c)   Intentionally taking actions designed to ensure that Plaintiff would be denied diagnostic and medical care regarding his back injury.

        d)   Exacerbating and worsening Plaintiff's injury and medical conditions.

5.5     As a direct and proximate result of the Defendants' negligent and professionally negligent actions and omissions, the Plaintiff:

        a)   Suffered severe physical injury, including permanent injury;

        b)   Was required to be subjected to years of medical treatment and will be required to be subjected to future medical treatment;

        c)   Endured and will continue to endure severe pain, suffering, and mental anguish;

        d)   Suffered and will continue to suffer emotional damage;

        e)   Suffered and will continue to suffer a loss of enjoyment of life and limitations.

## VII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendants to recover special and general damages in an amount to be determined by the Court or a Jury and damages, fees and

COMPLAINT FOR DAMAGES - 6

costs and equitable remedies set forth in this complaint and/or allowed, provided for or permitted by

the common law or statutory law.

CHALMERS C. JOHNSON, WSBA #40180

November 24, 2018

COMPLAINT FOR DAMAGES - 7

GSJONES LAW GROUP, P.S.
1155 BETHEL AVE.
PORT ORCHARD, WA 98366
360-876-9221